RICHARD ARAMS, Plaintiff, *v.* ALICE F. ARAMS, Defendant.

Supreme Court, Special Term, New York County, November 9, 1943.

*Gunther Jacobson* for defendant.

*Louis Richman* for plaintiff.

WALTER, J. Defendant moves to dismiss plaintiff's second cause of action upon the ground that it is barred by the Statute of Limitations of Switzerland. The motion is supported by an affidavit by defendant setting forth English translations of two articles of the Swiss Code of Obligations and an affidavit by her attorney, who says that he has practiced law in Germany, studied law in Germany and France, is well familiar with the laws of Germany, Switzerland, and other European countries and confirms the translations from the Swiss Code set forth in defendant's affidavit. Those affidavits were then supple-

mented upon the oral argument by an invitation to the court to examine the Swiss Code for itself.

Thus are illustrated the lengths to which section 344-a of the Civil Practice Act (L. 1943, ch. 536) already is being pressed, the new section being referred to in defendant's brief as having done away with "all the legal niceties formerly encumbering the evidence as to foreign law."

Besides saying that defendant's translations do not convince me that the action is barred by the Swiss statutes, even if they be applicable, it seems appropriate to add that I cannot construe section 344-a as giving a judge the right to decide cases, not merely upon his own private discoveries of foreign law, but, also, upon his own translation of foreign languages. The section must be applied with discriminating care and with due regard for all the "legal niceties" of fair dealing and due process of law (see opinion upon companion motion in this case which is herewith decided, 182 Misc. 328).

The motion is denied, with leave to defendant to set up the defense in her answer.